IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL ANTHONY GARCIA,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for an arraignment, discovery and detention hearing on April 8, 2016. Assistant United States Attorney Kurt Bohn represented the government, and Warren Williamson represented the Defendant. The Defendant did not contest detention.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future Court proceedings, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility in or near Denver, Colorado separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

    DATED and ENTERED this 8th day of April, 2016.

                                               By the Court:

                                               S/Michael E. Hegarty
                                               Michael E. Hegarty
                                               United States Magistrate Judge

United States v. Daniel Anthony Garcia
Case No. 16-cr-00098-CMA

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act,

I find the following:

First, the Indictment which has issued in this case charges Defendant with a violation of 18 U.S.C. §§ 922(g)(1), to wit: Possession of a Firearm by a Previously Convicted Felon. The rebuttable presumption of detention does not apply here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges identified against Defendant.

Third, Defendant presents a risk of nonappearance because (1) of the nature of the alleged instant offense; (2) the Defendant reported daily marijuana and methamphetamine use, last using them three and four months ago, respectively; (3) the Defendant has committed a number of offenses while serving a deferred sentence, probation, or parole; (4) the Defendant has 27 instances of failure to appear, 17 resulting in the issuance of warrants; (5) the Defendant has four pending felony cases; (6) the Defendant's deferred sentence and subsequent term of probation were both revoked in Pueblo County Court, Case Number 06M1024. The defendant's term of probation was revoked in Pueblo County District Court, Case Numbers 08CR224 and 08CR144. The defendant's community corrections sentence was also revoked in Pueblo County District Court, Case Number 08CR144; (7) the defendant has five misdemeanor convictions that include Telephone Harassment – Threat/Obscene, Criminal Mischief – Under $500, Driving Under Restraint, Driving Under the Influence, and Driving Under Restraint – Alcohol-Related. He has a felony conviction for Vehicular Eluding, and (8) Defendant appears before the court on writ from state court detention. For all practical purposes, the bond issue is moot.

As a result, after considering all of these factors, I conclude there is a preponderance of evidence that no condition or combination of conditions for release will reasonably assure the Defendant's appearance for future Court proceedings.