IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00098-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DANIEL ANTHONY GARCIA**,

       Defendant.

_____

**DEFENDANT DANIEL GARCIA'S UNOPPOSED MOTION TO VACATE
THE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE, AND EXCLUDE NINETY
DAYS (90) DAYS FROM THE SPEEDY TRIAL ACT**
_____

Daniel Anthony Garcia, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding ninety (90) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline and the trial date. In support of this Unopposed Motion, Mr. Garcia states as follows:

**I.  Procedural Background**

1. On March 10, 2016, the government filed a one-count Indictment against Mr. Garcia alleging that on or about January 25, 2016, he violated 18 U.S.C. §922(g). *See* Doc. 1.[1]

---

[1] "Doc." refers to the Court Docket.

2.	On April 7, 2016, undersigned counsel entered an appearance in the present matter.  *See* Doc. 12.

2.	On April 8, 2016, Mr. Garcia appeared before the Honorable Magistrate Judge Michael E. Hegarty and he was arraigned.  *See* Doc. 13.  At that time, through an attorney from undersigned counsel's office, Mr. Garcia plead not guilty to the one count in the Indictment.  *See id.*  Also at that time, the Government tendered eighty nine (89) pages of written discovery as well as three audio recordings to defense counsel appearing on behalf of undersigned counsel at the hearing.  *See id.*

3.	On April 11, 2016, the Honorable Judge Christine M. Arguello ordered that all pretrial Motions are to be filed by April 25, 2016.  A five-day jury trial was set for June 6, 2016.  *See* Doc. 15.

4.	Upon review of the discovery tendered by the Government, it is apparent that a significant amount of information remains outstanding.  The discovery references no less than four separate crimes in Pueblo County occurring around the time of Mr. Garcia's arrest in the present matter.  Based on these four alleged incidents, prosecutors in Pueblo County have charged Mr. Garcia with four separate, felony cases.  Three of the cases allege the possession and/or use of a firearm. All four cases currently are pending in Pueblo County.

5.	 Undersigned counsel is in the process of requesting further information regarding these matters.  First, undersigned counsel must request the discovery in those cases from the parties to the state court actions.  Follow-up subpoenas are likely if additional information is required beyond the initial disclosure.  Additional investigation

also will be required, including, but not limited to witness interviews, consultation with Mr. Garcia, and scene visits to Pueblo, Colorado.

6. Should the matter proceed to trial, undersigned counsel anticipates that the government would file a notice pursuant to Federal Rule of Evidence 404(b) alleging the applicability of the "other crime" evidence in the present case. As a result, undersigned counsel must investigate these allegations thoroughly in order to determine whether the conduct should apply in the present case.

7. Undersigned counsel contacted the Assistant United States Attorney handling the present matter in order to inquire about which conduct will be included under a Rule 404(b) notice or under a relevant conduct analysis pursuant to United States Sentencing Commission (USSC) guideline §1B1.3. The Assistant United States Attorney (AUSA) and undersigned counsel have agreed to discuss the matter once both sides have sufficient information pertaining to the "other crimes" evidence. As a result, the AUSA has no objection to the present Motion.

8. Mr. Garcia is currently housed at the Federal Detention Center located in Littleton, Colorado. Undersigned counsel visited Mr. Garcia and informed him of the present Motion. Mr. Garcia has no objection.

## II. Standard for Continuances

9. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

10. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). See also, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

11. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

12. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*,

137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.   Argument

13. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Garcia requests that this Court continue the trial, vacate current deadlines, and exclude ninety (90) days from the speedy trial calculations.

14. Mr. Garcia is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

15. The present case could involve up to four additional criminal charges, with four different sets of evidence and witnesses.  Undersigned counsel requires an additional ninety (90) days to gather information about the additional allegations, review the discovery, conduct necessary pre-trial investigation, prepare appropriate pre-trial motions, and prepare for trial.

16. Neither Mr. Garcia nor the AUSA assigned to the case object to an extension of the deadlines or the jury trial in order to ensure that undersigned counsel

has sufficient time to prepare the case for motions and trial. As a result, neither Mr. Garcia nor the government will not be prejudiced by the requested continuance.

17. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

18. Finally, a continuance for ninety (90) days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

19. Undersigned counsel has and will continue to diligently pursue the defense of this case. However, the nature and facts of the case, including but not limited to, the amount of outstanding information and investigation, are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame.

20. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for trial.

WHEREFORE, Mr. Garcia respectfully requests that this Court issue an Order excluding ninety (90) days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a status conference or a deadline for the parties to contact chambers in order to reschedule the applicable dates.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, I electronically filed the foregoing

**DEFENDANT DANIEL ANTHY GARCIA'S UNOPPOSED MOTION TO VACATE THE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE, AND EXCLUDE NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Kurt J. Bohn
    Assistant U.S. Attorney
    Email:  kurt.bohn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Daniel Garcia  (U.S. Mail)

    s/ Timothy P. O'Hara
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant