IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00098-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

**DANIEL ANTHONY GARCIA**,

Defendant.

---

**DEFENDANT DANIEL GARCIA'S SECOND, UNOPPOSED MOTION TO VACATE THE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE, AND EXCLUDE FORTY-FIVE DAYS (45) DAYS FROM THE SPEEDY TRIAL ACT**

---

Daniel Anthony Garcia, hereinafter Mr. Garcia, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding an additional forty-five (45) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline and the trial date. In support of this Unopposed Motion, Mr. Garcia states as follows:

## I. Procedural Background

1. On March 10, 2016, the government filed a one-count Indictment against Mr. Garcia alleging that on or about January 25, 2016, he violated 18 U.S.C. §922(g). *See* Doc. 1.[1]

[1] "Doc." refers to the Court Docket.

2. On April 7, 2016, undersigned counsel entered an appearance in the present matter. *See* Doc. 12.

3. On April 8, 2016, Mr. Garcia appeared before the Honorable Magistrate Judge Michael E. Hegarty and he was arraigned. *See* Doc. 13. At that time, through an attorney from undersigned counsel's office, Mr. Garcia plead not guilty to the one count in the Indictment. *See id.* Also at that time, the Government tendered eighty nine (89) pages of written discovery as well as three audio recordings to defense counsel appearing on behalf of undersigned counsel at the hearing. *See id.* The three audio recordings are of numerous jail recorded phone calls.

4. On April 11, 2016, the Honorable Judge Christine M. Arguello ordered that all pretrial Motions were to be filed by April 25, 2016. A five-day jury trial was set for June 6, 2016. *See* Doc. 15.

5. On April 25, 2016, undersigned counsel filed a Motion to Vacate, requesting that ninety (90) days be excluded from the Speedy Trial calculation. *See* Doc. 18. At that time, undersigned counsel informed the Court that Mr. Garcia had been charged in several state court criminal cases in Pueblo County. Discovery in those matters remained outstanding. *See id.*

6. Since the filing of the Motion to Vacate, undersigned counsel has contacted Mr. Garcia's state court appointed attorney and discussed the state court matters. Undersigned counsel has obtained and reviewed records relating to a majority of the state court matters pending in Pueblo County against Mr. Garcia. However, a significant amount of information remains outstanding, including:

a) any and all records pertaining to Pueblo Police Department cases 15-22744 and 15-22756;

b) ballistics records that the government believe tie Mr. Garcia to the various Pueblo County cases;

c) a video of the instant investigation, as indicated by a statement from discovery provided by the government: "[t]here is BWC footage of this event."

7. As explained in the prior Motion, undersigned counsel expected that "follow-up subpoenas are likely if additional information is required beyond the initial disclosure." Doc. 18. No video of the present incident has been tendered by the government to date. Additionally, the government has requested ballistic information but has not received the information from its witness(es).

8. This week, undersigned counsel intends on requesting that subpoenas be issued for additional information from the Pueblo Police Department that could not be obtained through the state court attorney.

9. All, or part, of the "other crimes" evidence could be used by the government against Mr. Garcia pursuant to Federal Rule of Evidence 404(b), or in sentencing as relevant conduct under United States Sentencing Commission (USSC) guideline §1B1.3. As result, it is of the utmost importance that such evidence is obtained and reviewed prior to Mr. Garcia's decision to go to trial or to plead guilty.

10. Undersigned counsel contacted the Assistant United States Attorney about the additional extension, and he has no objection to the present Motion.

11. Mr. Garcia is currently housed at the Federal Detention Center located in Littleton, Colorado. Undersigned counsel visited Mr. Garcia and informed him of the present Motion. Mr. Garcia has no objection.

## II. Standard for Continuances

12. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

13. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

14. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the

harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

15. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

**III. Argument**

16. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Garcia requests that this Court continue the trial, vacate current deadlines, and exclude forty-five (45) additional days from the speedy trial calculations.

17. Mr. Garcia is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

18. The present case could involve up to four additional criminal charges, with four different sets of evidence and witnesses. While a large portion of information

pertaining to the other cases has been received, additional information, remains outstanding. Also, video evidence pertaining to the present case has not been received. Undersigned counsel requires an additional forty-five (45) days to gather information about the present case as well as the additional allegations, review the discovery, conduct necessary pre-trial investigation, prepare appropriate pre-trial motions, as well as prepare for trial.

19. Neither Mr. Garcia nor the Assistant United States Attorney assigned to the case object to an extension of the deadlines or the jury trial in order to ensure that undersigned counsel has sufficient time to prepare the case for motions and trial. As a result, neither Mr. Garcia nor the government will be prejudiced by the requested continuance.

20. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

21. Finally, a continuance for forty-five (45) days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

22. Undersigned counsel has and will continue to diligently pursue the defense of this case. However, the nature and facts of the case, including but not limited to, the amount of outstanding information and investigation surrounding the present case and the number of related state court matters, are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-

frame.

23. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for trial.

WHEREFORE, Mr. Garcia respectfully requests that this Court issue an Order excluding forty-five (45) days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a status conference or a deadline for the parties to contact chambers in order to reschedule the applicable dates.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2016, I electronically filed the foregoing

**DEFENDANT DANIEL ANTHY GARCIA'S SECOND, UNOPPOSED MOTION TO VACATE THE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE, AND EXCLUDE FORTY-FIVE (45) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kurt J. Bohn
Assistant U.S. Attorney
Email: kurt.bohn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Daniel Garcia (U.S. Mail)

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant