IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DANIEL ANTHONY GARCIA,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Kurt J. Bohn, Assistant United States Attorney for the District of Colorado, and the defendant, DANIEL ANTHONY GARCIA, personally and by counsel, Timothy P. O'Hara, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a previously convicted felon.

The government agrees that a three-point reduction in the offense level for acceptance of responsibility is appropriate pursuant to the advisory United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) and (b) (Nov. 2015).


COURT EXHIBIT 1

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 18 U.S.C. § 922(g)(1)

*First*: the Defendant knowingly possessed a firearm as charged in the indictment.

*Second*: the Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: before the Defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of Count One is: not more than 120 months imprisonment; not more than a $250,000.00 fine, or both; not more than 3 years supervised release; and a $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

3

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is, December 6, 2015.

The parties agree as follows: On December 6, 2015, a home invasion occurred with a masked gunman who fired his gun one time to threaten the two people, after pistol whipping the male. One of the victims in the home invasion had known the assailant

4

and identified him to the Pueblo Police Department (PPD). That shell casing was collected and sent to for testing to the National Integrated Ballistic Information Network (NIBIN)[1] for testing. Mr. Garcia is currently charged in Pueblo County based on this conduct in case 16cr125.

On January 25, 2016, Pueblo Police Department Officers were looking for the Defendant at his parent's residence at 1804 E. 5th St. in Pueblo, Colorado. While at that location, Pueblo Police Department Officers, from the outside of the home, observed the Defendant bend over and appear to conceal an item under abed inside the residence. A consent search allowed the officers to enter the home and retrieve a .45 caliber pistol from the location where officers observed Mr. Garcia to place an object. The firearm was fired, the shells collected and the NIBIN tests confirmed this firearm was used on all of the other occasions.

The firearm recovered was a Hi-Point, Model JHP, .45 caliber pistol, serial number X497392. The Defendant admits that on the date in question, he was in possession of the firearm referenced above and that the firearm functioned as designed. It was also determined that the firearm was not manufactured in the State of Colorado and, therefore, had traveled in interstate or foreign commerce prior to being found in the Defendant's possession.

Prior to January 25, 2016, Defendant had been convicted of a felony offense, vehicular eluding, and thus was prohibited from possessing a firearm. The felony offense was a crime punishable by a term of imprisonment exceeding one year.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.   The government believes that the base guideline is § 2K2.1(a)(4)(A), with a base offense level of 20.   The Defendant believes the base guideline is §2K2.1(a)(6) with a base offense level of 14.

B.   The parties believe that there is a four level increase for possession of a firearm in connection with another felony.   § 2K2.1(b)(6)(B).   The parties believe that no other specific offense characteristics apply.

C.   There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

D.   The adjusted offense level, according to the government, would be 24. The Defendant believes the adjusted offense level would be 18.

E.   The parties believe that since the December 6th incident would be deemed relevant conduct under §1B1.3(a)(1)(A), then §5G1.3(c) requires the present sentence to

run concurrently to the anticipated term of imprisonment in Pueblo County case 16cr125.

F.     The defendant should receive a 3-level adjustment for acceptance of responsibility.  The resulting offense level therefore would be 21 according to the government and 15 according to the Defendant.

G.     The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be IV.  The Defendant believes his criminal history is category III.

H.     The career offender/criminal livelihood/armed career criminal adjustments would not apply.

I.     The advisory guideline range resulting from the government's calculations is **57 to 71 months**.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 37 months (bottom of Category I) to 96 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

The Defendant believes the advisory range of confinement is **24 to 30 months**, with a conceivable range of 18 to 51 months.

I.     Pursuant to guideline § 5E1.2, assuming the estimated offense level above,

7

the fine range for this offense would be $15,000.00 to $150,000.00, plus applicable interest and penalties. The Defendant believes the fine range is $7,500.00 to $75,000.00.

J.     Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term cannot be more than three years.

K.     There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory

guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/13/16

DANIEL ANTHONY GARCIA
Defendant

Date: 10/13/16

TIMOTHY P. O'HARA
Attorney for Defendant

Date: 13 Oct 16

KURT J. BOHN
Assistant U.S. Attorney