CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs Daniel Anthony Garcia                                  DKT. NO. 1:16CR00098-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Joel R. Nelson, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Daniel Anthony Garcia, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on February 1, 2017.  The defendant was sentenced to 37 months imprisonment and three years' supervised release for an offense of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Supervision commenced on April 22, 2020, and is set to expire on April 21, 2023.  As noted in the judgment [Document 47], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION OF A FIREARM OR A DETRUCTIVE DEVICE**

On or about May 13, 2021, the defendant was in possession of a Taurus G2c 9mm pistol, which constitutes a Grade B violation of supervised release.

On May 13, 2021, probation officers Joel Nelson and Robert Haberman conducted a routine unannounced home contact at the defendant's reported address of 214 Jackson Street, Pueblo, Colorado 81004.  Upon arriving at the home, they observed the defendant inside the open detached garage leaning out of the passenger door of a white Mitsubishi Montero Sport SUV.  While walking up to the defendant, he exited the vehicle and closed the door; however, the window was partially rolled down.  While Officer Nelson was speaking with the defendant, Officer Haberman looked through the open window of the vehicle and observed a glass bong in the center console cup holder.  When questioned about the glass bong, the defendant admitted to smoking marijuana.  Officer Nelson asked the defendant is he had anything else in his vehicle that was a violation of supervised release.  The defendant said he did not have anything else and gave the officers consent to look inside his vehicle.  Officer Nelson then opened the driver side door and looked under the car seat and observed a pistol laying on the floorboard.  Upon questioning the defendant about the firearm, the defendant apologized to the officers and admitted obtaining the gun approximately 30 days ago because he had been shot at due to being a gang member.  The Pueblo Police Department responded to the scene and took possession of the firearm which was a

Taurus G2c 9mm pistol. The firearm had live rounds of ammunition in the magazine. The defendant was discovered to have active felony warrants and was taken into custody and transported to the Pueblo County Jail.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 16, 2020, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On November 16, 2020, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamines. The defendant admitted to relapsing and using methamphetamine on or about the date in question and stated he was going through a rough time and felt overwhelmed and depressed.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 8, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 8, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant admitted to using the methamphetamine and marijuana on or about the date in question. He stated that he had been stressed out over his girlfriend and not having a job.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*/s/ Joel R. Nelson*
  Joel R. Nelson
  United States Probation Officer
  Place:   Colorado Springs
  Date:    May 13, 2021

Daniel Anthony Garcia  
1:16CR00098-1
      Petition for Warrant  
      Page 3
      May 13, 2021

*/s/ Travis L. Cormaney*

Travis L. Cormaney  
Supervisory United States Probation Officer  
Place:   Colorado Springs  
Date:    May 13, 2021

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 12 to 18 months.

### STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  The defendant is viewed as presenting a danger to the community. This defendant was found in possession of a loaded firearm by the probation officer during a routine home contact.  This behavior puts the community and probation officer at risk and is particularly egregious because he is on supervision for possession of a firearm. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.